**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID JOHN McGUIGAN, et al.,**

    **Plaintiffs,**

**v.**                                                                                          **Case No. 8:10-cv-1794-T-30TBM**

**WAYNE NICHOLS NANCE and**
**UNITED STATES OF AMERICA,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Substitute Party United States of America as Proper Defendant (Dkt. 3), Defendant United States of America's Dispositive Motion to Dismiss (Dkt. 5), Plaintiffs' Motion to Remand (Dkt. 10), Plaintiffs' Motion to Strike the Certification and Request to Deny Substitution (Dkt. 11), the United States' Response in Opposition to Plaintiffs' Motion to Remand (Dkt. 12), Plaintiffs' Response to Order to Show Cause (Dkt. 13), the United States' Response in Opposition to Plaintiffs' Motion to Strike the Certification (Dkt. 15), Plaintiffs' Reply (Dkt. 16), and Defendant's Motion to Strike Plaintiff's Reply (Dkt. 17). The Court, having considered the motions, responses, exhibits relied upon in support of same, and being otherwise advised in the premises, concludes that Plaintiffs' Motion to Remand and Motion to Strike should be denied and the United States' Motion to Substitute and Dispositive Motion to Dismiss should be granted.

## INTRODUCTION

This case arises from an investigation conducted by Defendant Wayne Nichols Nance ("Nance"), an FBI agent, that aided in Plaintiff David John McGuigan's ("McGuigan") conviction for conspiracy to commit wire fraud. On July 23, 2010, Plaintiffs filed an action in the Circuit Court for the Sixth Judicial Circuit for the State of Florida in and for Pinellas County, Florida, against Nance, alleging the following Florida tort claims: (1) fraud; (2) wrongful conversion of property; (3) civil conspiracy; (4) invasion of privacy; (5) gross negligence; (6) tortious interference with advantageous business relationships; (7) tortious interference with a contractual right; (8) promissory estoppel through fraud, misrepresentation, and deception; and (9) intentional infliction of emotional distress. The claims relate to Nance's alleged wrongful collection of documents on January 24, 2003. The collection of these documents was part of an investigation that led to the conviction of McGuigan and his co-conspirators. McGuigan was sentenced to 41 months of imprisonment, followed by 3 years of supervised release.

Pursuant to 28 U.S.C. §2679(d)(2), the United States Attorney signed a certification attesting that Special Agent Nance of the Federal Bureau of Investigation ("FBI") was acting within the course and scope of his employment with the Federal Government during the time

of the alleged incidents.[1] The action was then removed to this Court on August 11, 2010. Also on August 11, 2010, the United States of America ("United States") filed a motion to substitute and dispositive motion to dismiss.

On September 9, 2010, Plaintiffs filed a motion to remand, arguing that the Court does not have jurisdiction over Plaintiffs' claims because Nance was not acting within the scope of his employment when he committed the alleged torts set forth in Plaintiffs' complaint. For this same reason, Plaintiffs also filed a motion to strike the United States Attorney's certification.

Thus, the issues before the Court turn on whether Nance was acting within the scope of his employment. If the Court concludes Nance was not acting within the scope of his employment, remand is appropriate; otherwise, the Court has jurisdiction over Plaintiffs' claims and the United States must be substituted as the proper Defendant.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994);

---

[1] The Federal Tort Claims Act ("FTCA"), which provides absolute immunity to federal employees for torts committed within the scope of their employment, states in relevant part:(d)(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. 28 U.S.C. § 2679(d)(2). The Attorney General has delegated the certification authority to the United States Attorneys. 28 C.F.R. § 15.3.

*Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns,* 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

In the motion to remand, Plaintiffs argue that Nance was not acting within the scope of his employment. Plaintiffs also argue in their motion to strike that the United States Attorney incorrectly certified that Nance was acting in the scope of his employment and the case was incorrectly removed to this Court.

The scope of employment certification of the United States Attorney is to be reviewed *de novo* by the Court if challenged. *See Flohr v. Mackovjak,* 84 F.3d 386, 390 (11th Cir. 1996) ("the Attorney General's certification is reviewable by the district court.... the district court [is] to decide the issue *de novo*."); *see also Gutierrez de Martinez v. Lamagno,* 515 U.S. 417 (1995); *S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538 (11th Cir. 1990). The "burden of ... proving that the employee acted outside the scope of employment is ... on the plaintiff."

*Flohr,* 85 F.3d at 390 (quoting *S.J. & W. Ranch,* 913 F.2d at 1543). Additionally, the "question of whether an employee's conduct was within the scope of his employment 'is governed by the law of the state where the incident occurred.'" *Id.* (*quoting S.J. & W. Ranch,* 913 F.2d at 1542). Therefore, the burden of proof is on Plaintiffs and Florida law controls in this case because the alleged torts occurred in Florida.

Under Florida law, an employee is acting within the scope of his employment if his conduct: (1) is of the kind the employee is hired to perform; (2) occurs substantially within the time and space limits authorized or required by the work to be performed; and (3) is activated at least in part by a purpose to serve the employer. *See Ruetz v. Preiss*, No. 6:07-CV-2006-BBM, 2008 WL 2201767, *2 (M.D. Fla. April 2, 2008). The Court has reviewed the declarations and exhibits relied upon by the parties and concludes that it is undisputed that Nance was acting within the scope of his employment on January 24, 2003.[2]

McGuigan admits in his declaration that Nance was working for the FBI as an investigator at the time in question. The undisputed evidence also reflects that Nance testified on behalf of the government regarding his efforts on January 23, 2003. The documents Nance collected were material to the ultimate convictions of McGuigan and seven other co-conspirators. Also, the declaration of Nance's direct supervisor states that at all times material to Plaintiffs' complaint, Nance was operating within the scope of his employment as a special agent of the FBI and in furtherance of the interests of the FBI. The

---

[2] The court may review matters outside of the pleadings to determine whether it has subject matter jurisdiction over a case. *See Scarfo v. Ginsburg,* 175 F.3d 957, 960-61 (11th Cir.1999).

declaration also states that assisting or conducting a criminal investigation, including interviewing witnesses and/or suspects and collecting and reviewing records related to the investigation, is the kind of conduct Nance was hired to perform. Finally, the declaration states that Nance's actions occurred substantially within the time and space limits authorized or required by the work to be performed, and were done in furtherance of a properly authorized federal investigation.

Plaintiffs argue that Nance acted outside the scope of his employment because his actions violated the law. Specifically, although Plaintiffs' arguments are not entirely clear, it appears they are contending that the documents were not voluntarily turned over to Nance and that Nance's collection of the documents was unauthorized. Even assuming, *arguendo*, that these facts are undisputed,[3] the Court's conclusion that Nance was acting within the scope of his employment remains unaffected. These facts do not change the key elements that Nance was performing the type of work he was hired to perform, during the time this type of work required, and in furtherance of the interests of the FBI, i.e., to assist in the investigation of McGuigan and the other co-conspirators. And, other than quibbling with the manner in which the documents were collected, Plaintiffs do not point to any evidence that suggests Nance was motivated by any purpose other than to serve the FBI.

Accordingly, the Court concludes that the United States Attorney was correct in certifying that Nance was acting within the scope of his employment with the FBI at the time

---

[3] Indeed, these facts are very much in dispute. The United States points out that during the trial of McGuigan's co-conspirators, two of the co-conspirators stipulated that they had abandoned the documents and that those documents were voluntarily turned over to a postal inspector and Nance.

of the alleged acts and the case was properly removed to this Court. Thus, Plaintiffs' motion to remand and motion to strike the United States Attorney's certification must be denied and the United States' motion to substitute must be granted.

The Court also concludes that the United States' motion to dismiss must be granted because Plaintiffs have not exhausted the administrative remedies under the FTCA. Under the doctrine of sovereign immunity, the United States may not be sued without its consent. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *see also Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 141, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). The FTCA provides the conditions under which the United States consents to suit for the torts of its employees acting within the scope and course of their employment. Specifically, 28 U.S.C. § 2675(a) states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, in order to maintain a lawsuit against the United States under the FTCA, Plaintiffs were required to first present notice of their administrative claims to the appropriate federal agency. Here, however, Plaintiffs failed to allege any compliance with the administrative claim provisions of the FTCA. Accordingly, the United States' motion to

dismiss must be granted.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein:

1. Plaintiffs' Motion to Remand (Dkt. 10) and Plaintiffs' Motion to Strike the Certification and Request to Deny Substitution (Dkt. 11) are hereby DENIED.

2. Defendant's Motion to Substitute Party United States of America as Proper Defendant (Dkt. 3) and Defendant United States of America's Dispositive Motion to Dismiss (Dkt. 5) are hereby GRANTED.

3. Defendant's Motion to Strike Plaintiff's Reply (Dkt. 17) is hereby DENIED as moot.

4. This case is hereby dismissed without prejudice to Plaintiffs to exhaust their administrative remedies.

5. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1794.mtsremandanddismiss.wpd